M. J. HURWITZ, *Appellee,*.v. LESTER DAVIS et al., Part-
ners, etc., *Appellants.*

No. 18,137.

SYLLABUS BY THE COURT.

NEGLIGENCE—*Bicycle*—*Automobile*—*Collision*—*Evidence*—*Ver-
dict*—*Findings.* The rule that a general verdict and special
findings consistent therewith and with one another, sup-
ported by competent evidence, must stand—followed.

Appeal from Shawnee district court, division No. 1.
Opinion filed May 10, 1913. Affirmed.

*Lee Monroe,* of Topeka, *W. S. Roark,* of Junction
City, and *Carr W. Taylor,* of Hutchinson, for the ap-
pellants.

*W. A. S. Bird,* and *S. L. Lashbrook,* both of Topeka,
for the appellee.

The opinion of the court was delivered by

WEST, J.: November 11, 1910, about ten o'clock
P. M., the plaintiff was riding a bicycle without any
light south on Harrison street when the defendants'
automobile coming west on the north side of Tenth
street turned north on Harrison and the two vehicles col-
lided, injuring the plaintiff. The substance of his tes-
timony was that he was coming south on the west side
of Harrison from six to ten feet from the west curb-
ing; that the automobile was coming so rapidly west
on Tenth that he did not look for it to turn north on
Harrison, but when about one hundred or one hundred
and fifty feet from the corner it did turn north; that
the lights were coming right on him and the machine
came so fast that he did not know which way to turn;
that he was right along the curb and the automobile,
being on the west or wrong side of Harrison street,

came within about twenty feet of him.   Portions of his testimony were as follows:

"I started to holler and I thought I could run away or run off so I turned onto the left side then.   At the same time when I turned, they turned, so we had turned in and so they struck me.

"Q.   Where were you on the street at the time the automobile struck you?   A.   I think it was about the middle of the street.

"I think the machine had two lights.   I seen the lights shining across the street, they threw two wide shafts of light clean across the street.   I was in the light at the time I first noticed the machine coming.

"Q.   And you didn't know which way to go then? A.   Yes, it was so near.   No, I can't know.

"Q.   So you thought you had better turn to the left? A.   I thought I would run away to the left. .

"The light was shining in my face then, and I couldn't see very well.   It is difficult to look at a couple of lights on an automobile at night and tell just how far away it is if you are looking straight towards the light.   The machine looked like it was coming straight towards me when I turned.   They didn't sound the horn and didn't holler at the time.   I hollered before they struck me."

The jury were instructed that it was the plaintiff's duty under the city ordinance, in going south on Harrison street, to keep upon the right or west side of the street, if it was practicable to do so; that if they should find that he did not have a light on his bicycle, that fact alone would not necessarily bar his right to recover unless his failure to have a light contributed to the injuries complained of.   The jury found that the collision occurred about the middle of the street, but that the plaintiff exercised ordinary and reasonable care and diligence to keep to the right as soon as he saw the car approaching; that his failure to have a light did not contribute to the happening of the collision.   They also found that if he had kept to the right the collision would not have occurred.   The defendants

complain that the court overruled their demurrer to the evidence, that the findings were contradictory and showed contributory negligence, and that a new trial should have been granted.

There was a conflict in the evidence concerning the speed of the automobile, and the side of the street where the vehicles approached each other. The injury was not purposely inflicted, and it was for the jury to say, from all the facts and circumstances, whose carelessness caused it. As stated in the appellants' brief: "The evidence showed that in turning the corner the car swerved out into the middle, or past the middle of the street." It is argued that the defendants had a right to do this and that it was necessary, although running only eight or ten miles an hour and not twenty to thirty, as the plaintiff thought. This also was for the jury.

It is contended that the plaintiff was guilty of negligence in running without a light, and so he was, but the jury expressly found that this had nothing to do with the injury—hence it was not contributory negligence.

The findings that if the plaintiff had kept to the right the collision would not have occurred and that he used ordinary care to keep to the right are said to be fatally inconsistent. But neither the law nor the instinct of self-preservation requires one to keep to the right when it means instant death or imminent peril, and having used reasonable care to obey the law of the road he is not to be censured for then obeying the higher law of self-protection. And if the negligence of the defendants has placed the plaintiff in such position that he is compelled thus to choose and act, it is the defendants' fault rather than his.

By their general verdict, with which the special findings are easily reconcilable, the jury concluded that the defendants' negligence and not the plaintiff's brought about the injury.

It can not be said that there was not evidence which, if believed, justified this conclusion.

The judgment is therefore affirmed.